UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                            Civil No. 06-3664 (PAM/AJB)

                 Petitioner,

v.                                                          **MEMORANDUM AND ORDER**

Joan Fabian, Commissioner of
Corrections,

                 Respondent.

---

This matter is before the Court on Petitioner's appeal of the September 12, 2006 Order issued by Magistrate Judge Arthur J. Boylan. The Court must modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). Based on a review of the record and the submissions of Petitioner, the Court concludes that the determinations in the Order were neither clearly erroneous nor contrary to law. The Court therefore affirms the Order.

**BACKGROUND**

Petitioner is incarcerated at MCF-Oak Park Heights for violating a term of his supervised release. He has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, contending that he is being detained in violation of his constitutional rights.

The Magistrate Judge ordered Respondent to respond to the petition by either filing an answer or a motion to dismiss. The Magistrate Judge also informed Petitioner that he may file a reply to address any issue raised by Respondent in her responsive pleading.

The Magistrate Judge also addressed several collateral motions that Petitioner had filed contemporaneously with his Petition. In particular, the Magistrate Judge granted Petitioner's application to proceed in forma pauperis, but denied Petitioner's Motion for Appointment of Counsel and his Motion for an Evidentiary Hearing. Petitioner appeals the denials.

**DISCUSSION**

**A.   Motion for Appointment of Counsel**

Petitioner objects to the denial of his Motion for Appointment of Counsel, arguing that he has a constitutional right to counsel. Petitioner is incorrect. Except as provided under 28 U.S.C. § 2261,[1] "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000) (quoting McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997)). Among the factors the Court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues, and whether both the litigant and the Court would benefit from having the litigant represented by counsel. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court agrees with the Magistrate Judge that neither the facts nor the legal issues

---

[1] Section 2261, which applies only to prisoners in state custody who are subject to a capital sentence, does not apply in this case.

involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Petitioner has the threshold ability to articulate his claims and to argue his positions, has previous litigation experience, and can communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Denial of the Motion to Appoint Counsel was proper.

**B.      Motion for Evidentiary Hearing**

Petitioner objects to the Magistrate Judge's denial of his Motion for an Evidentiary Hearing. In his memorandum in support of the Motion, Petitioner identifies several facts that he contends are in dispute. Notwithstanding, the Magistrate Judge found that no factual disputes presently exist. The Magistrate Judge also explained that he would schedule a hearing if case developments uncovered factual disputes that required an evidentiary hearing.

Petitioner filed the Motion contemporaneously with the Petition and Respondent has yet to respond to the Petition. As such, the Motion is premature, as there presently are no factual disputes to address. The Magistrate Judge did not err in denying the Motion at this time.

**CONCLUSION**

The Magistrate Judge did not err in denying either the Motion to Appoint Counsel or the Motion for an Evidentiary Hearing.  Accordingly, **IT IS HEREBY ORDERED** that the September 12, 2006 Order of Magistrate Judge Boylan (Docket No. 10) is **AFFIRMED**.

Dated: October 13, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
