UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                                    Civil No. 06-3664 (PAM/AJB)

                    Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

Joan Fabian, Commissioner of
Corrections,

                    Respondent.

This matter is before the Court on Petitioner's appeal of an October 25, 2006 Order issued by Magistrate Judge Arthur J. Boylan, as well as Petitioner's Motion for Default Judgment and Motion for Extension of Time to Reply. For the following reasons, the Court affirms the October 25, 2006 Order, denies the Motion for Default Judgment, and grants the Motion for Extension.

**BACKGROUND**

Petitioner is incarcerated at MCF-Oak Park Heights for violating a term of his supervised release. In this 28 U.S.C. § 2254 action, Petitioner contends that he is being detained in violation of his constitutional rights.

Petitioner commenced this action on September 8, 2006. On September 12, 2006, the Magistrate Judge addressed several motions that Petitioner had filed contemporaneously with his Petition. In particular, the Magistrate Judge granted Petitioner's application to proceed in forma pauperis, but denied Petitioner's motion for appointment of counsel and his motion

for an evidentiary hearing.[1]  The Magistrate Judge also directed Respondent to answer the Petition within thirty days of the September 12, 2006 order, by either filing an answer or a motion to dismiss.  Finally, the Magistrate Judge informed Petitioner that he had thirty days "after the date when the answer or motion to dismiss is filed" to file a reply to the responsive pleading.

Respondent did not answer the Petition within the thirty-day deadline.  Consequently, Petitioner filed a Motion for Default Judgment on October 19, 2006.  The same day, Respondent filed a Motion for Extension of Time to File a Response to the Petition.  In the affidavit in support of the Motion for Extension, Respondent's counsel averred that she received an electronic case filing notice of the September 12, 2006 order, but did not recognize the docket entry as requiring Respondent to answer the Petition within thirty days. (Parker Aff. ¶¶ 3-4.)  Counsel further explained that she first read the September 12, 2006 order on October 23, 2006, when she received Petitioner's Motion for Default Judgment. (Id. ¶ 5.)  Finally, counsel stated that she needed until November 22, 2006 to respond to the fourteen claims in the Petition. (Id. ¶¶ 6-7.)  On October 25, 2006, the Magistrate Judge granted the Motion for Extension and ordered Respondent to file her response by November 22, 2006.  Respondent complied and filed an Answer and Motion to Dismiss the Petition on November 22, 2006.

**DISCUSSION**

---

[1] Thereafter, Petitioner appealed the denials.  On October 13, 2006, this Court affirmed the Magistrate Judge's rulings.

2

**A.      Respondent's Motion for Extension of Time to Respond**

Petitioner attacks the October 25, 2006 Order on several grounds.  The Court will modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

First, Petitioner argues that the Magistrate Judge erred by ruling on the Motion without a hearing and before Petitioner had an opportunity to respond to the Motion.   It is inherent in a court's discretion to decide such motions without a hearing and without a response.   Respondent submitted an affidavit explaining why an extension was necessary, and the Magistrate Judge properly exercised his discretion in ruling on the Motion based on the affidavit.

Next, Petitioner argues that Respondent failed to show good cause for an extension to respond to the Petition.  However, Petitioner relies on case law interpreting Federal Rule of Civil Procedure 60(b), which addresses when relief from judgment is warranted.  Because no judgment was entered in this case, Petitioner's reliance on the Rule 60(b) standard is misplaced.

Rule 4 of the Federal Rules Governing Habeas Corpus Cases provides courts with flexibility in determining when an answer to a petition must be made.  The Magistrate Judge's decision to allow Respondent additional time to respond comports with Rule 4 and was not clearly erroneous.  Consequently, the Court affirms the October 25, 2006 Order.

**B.      Default Judgment**

Petitioner filed a Motion for Default Judgment based on Respondent's failure to

respond to the Petition as initially ordered by the Magistrate Judge.  Default judgments are

not favored.  United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).  The determination

of whether a default judgment is warranted is left to the discretion of the Court.  Fed. R. Civ.

P. 55(b)(2); Fed. Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)

(citations omitted).  The Court considers several factors, including whether factual disputes

exist, whether the default is largely technical, and whether the grounds for default are clearly

established.  In addition, the Court may consider the merits of the action despite the fact that

a defendant failed to answer.  Roach v. Churchman, 431 F.2d 849, 855 (8th Cir. 1970).

Moreover, because "a habeas petition is not an ordinary civil proceeding," Bermudez

v. Reid, 733 F.2d 18, 21 (2d Cir. 1984), default judgments are even more disfavored in

habeas corpus actions.  In Bermudez, the Second Circuit Court of Appeals reversed the

district court's entry of default judgment in a petitioner's habeas corpus case even though the

state had repeatedly and inexcusably disregarded the district court's orders to respond to the

petition.  The Court of Appeals explained:

> Under the circumstances, were district courts to enter default judgments
> without reaching the merits of the claim, it would not be the defaulting party
> but the public at large that would be made to suffer, by bearing either the risk
> of releasing prisoners that in all likelihood were duly convicted, or the costly
> process of retrying them.  In this respect, default in habeas proceedings differs
> from default in other civil cases, except those in which judgment is sought
> against the United States.  In the latter cases, judgment by default cannot be
> obtained unless the claimant first establishes "his claim or right to relief by
> evidence satisfactory to the court," Fed. R. Civ. P. 55(e), since otherwise the
> taxpayers at large would have to bear the cost of a judgment that comes as a
> "windfall" to the individual claimant.  We think the same principles should a
> fortiori govern here, where the potential costs to the public from a "windfall"
> judgment is far greater.

Id. at 21-22; see also Hale v. Lockhart, 903 F.2d 545, 547-48 (8th Cir. 1990) (citing with approval Bermudez and rejecting the argument that a state prisoner may become entitled to federal habeas relief based on a delay in adjudicating a collateral attack on his state conviction); Nord v. Davis, 89 F. Supp. 2d 1092, 1093 (D. N.D. 2000) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment.") (quoting Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990)).

In this case, a default judgment is inappropriate. Awarding a default judgment would create a windfall for Petitioner. In addition, based solely on a review of the Petition, the Court is not satisfied that Petitioner is entitled to relief. Thus, a decision on the merits of this case is more appropriate.

## C.     Petitioner's Motion for Extension of Time to Reply

On October 19, 2006, Petitioner filed a Motion for Extension of Time to Reply to Respondent's Answer to the Petition. The September 12, 2006 Order provided Petitioner thirty days to file a reply to Respondent's responsive pleading. Respondent filed her Answer and Motion to Dismiss on November 22, 2006. Thus, Respondent has until December 22, 2006 to submit a reply.

**CONCLUSION**

The Magistrate Judge was well within his discretion to provide Respondent additional time to respond to the Petition.  In addition, a determination of this case on the merits is more appropriate than a default judgment.  Accordingly, **IT IS HEREBY ORDERED** that:

1.    Petitioner's Appeal of the October 25, 2006 Order (Docket No. 24) is **DENIED**;

2.    The October 25, 2006 Order (Docket No. 23) is **AFFIRMED**;

3.    Petitioner's Motion for Default Judgment (Docket No. 15) is **DENIED**; and

4.    Petitioner's Motion for Extension of Time to File Reply (Docket No. 18) is **GRANTED**.

Dated: December 12, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge