UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                                                  Civil No. 06-3664 (PAM/AJB)

                Petitioner,

v.                                                               **ORDER AND MEMORANDUM**

Joan Fabian, Commissioner of Corrections,

                Respondent.

This matter is before the Court on Petitioner Hollis Larson's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Arthur J. Boylan on June 25, 2007. The R&R recommended that Respondent's Motion to Dismiss be granted and that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be dismissed with prejudice. The R&R further recommended that Petitioner's Motion for Partial Summary Judgment be denied as moot. The Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review and Petitioner's arguments, the Court adopts the R&R.

**BACKGROUND**

After an Anoka County jury convicted Petitioner of criminal sexual conduct for acts committed against his minor niece in 1988 and 1990, he was sentenced to 20 years in state prison with supervised release to be determined, and his conviction was affirmed. State v. Larson, No. C8-93-179, 1993 WL 412998 (Minn. Ct. App. Oct. 19, 1993), rev. denied (Minn. Dec. 14, 1993). A Goodhue County court also convicted Petitioner of criminal sexual conduct for acts committed against another niece in 1990 and sentenced him to an 86-month

sentence to be served consecutively to the Anoka County sentence, and an additional 158 months to be served concurrently with that sentence. State v. Larson, 520 N.W.2d 456, 459 (Minn. Ct. App. 1994), rev. denied (Minn. Oct. 14, 1994). That conviction also was affirmed. See id. Petitioner was released on June 17, 2003 as part of an Intensive Supervised Release (ISR) program. On August 23, 2003, Petitioner was taken into custody for violating release terms. His ISR was revoked after a September 2, 2003, hearing and he was assigned 365 days of confinement and was required to complete a treatment program.

The Washington County District Court denied Petitioner's state court petition for a writ of habeas corpus without an evidentiary hearing, the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review. Larson v. Fabian, No. A05-1355, 2006 WL 1320474 (Minn. Ct. App. May 16, 2006), rev. denied (Minn. July 19, 2006). On September 8, 2006, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleged that Respondent deprived him of his constitutional rights by failing to reduce his present sentence by "good time" accrued before release, erroneously computing his release date, altering a discipline plea agreement after Petitioner had signed it, re-arresting Petitioner without probable cause, requiring Petitioner to complete sex-offender treatment and registration, subjecting Petitioner to ISR outside his claimed state of residence, and depriving him of his rights to counsel and to a hearing.

## DISCUSSION

**A.      Standard of Review**

Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 allows a district court to review a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, with respect to a claim adjudicated on the merits in state court proceedings, the Court should not grant a habeas corpus petition unless adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

A claim is procedurally defaulted if not fairly presented in state court before it is raised in federal court. Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). "To be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. (internal quotation omitted).

**B.      "Good Time" and Release Date**

Petitioner contends that because Respondent failed to credit him for "previously earned and vested good time" that accrued before his ISR, he is being deprived of a federally recognized liberty interest. (Objection to R&R at 18.) In presenting this claim to the state district and appellate courts, Petitioner cited Carillo v. Fabian, 701 N.W.2d 763 (Minn.

3

2005), which in turn examined Wolff v. McDonnell, 418 U.S. 539 (1974); Seifert v. Erickson, 420 N.W.2d 917 (Minn. Ct. App. 1998); and Case v. Wood, 359 N.W.2d 64 (Minn. Ct. App. 1984). However, neither Wolff nor Carillo addressed whether an inmate has a constitutionally recognized interest in previously earned good time that is not credited once the inmate's supervised release is revoked. See Wolff, 418 U.S. at 547-48; Carillo, 701 N.W.2d at 769-70. The decision in Case is not relevant authority because the Minnesota Supreme Court vacated it. See Case v. Wood, 377 N.W.2d 924, 924 (Minn. 1985). Seifert works against Petitioner's position because the Minnesota Court of Appeals cited federal authority to hold that it is not a due process violation to consider good time "used up once the inmate obtains supervised release." Seifert, 420 N.W.2d at 919. Accordingly, Petitioner has presented no violation of clearly established federal law regarding any claimed deprivation of "good time" credits.

Petitioner contends that he should have been released on January 30, 2003, but because Respondent erred in computing the release date by three days he "ended up being placed in segregation on February 2, 2003, and held far beyond his release date." (Mem. in Supp. of Habeas Corpus Pet. at 19.) Petitioner's argument appears to be that had Respondent not erred, Petitioner would not have committed misconduct on February 2 that resulted in disciplinary charges, his guilty plea to those charges, and his additional incarceration. Petitioner did not fairly present this claim to the state court; accordingly, it is procedurally defaulted. Even if there were no procedural default, Petitioner has identified no violation of clearly established federal law, and the claim as presented implicates no cognizable constitutional issue. See, e.g., Northwest v. LaFleur, 583 N.W.2d 589, 591 (Minn. Ct. App.

4

1998) ("delay of an early release date does not constitute impairment of a protected liberty interest"), rev. denied (Minn. Nov. 17, 1998).

**C.    Discipline Plea Agreement**

Petitioner contends that after he signed a document titled "Waiver of Hearing–Plea of Guilty" related to the February 2, 2003, disciplinary allegations against him, Respondent's staff changed a "CC" ("concurrent") abbreviation to "CS" ("consecutive"), in violation of his federal constitutional rights. The plea agreement document that Petitioner has provided supports these factual allegations, and Petitioner did present these facts to the state court. (See Resp't's App. 347-48.) Respondent does not adequately address this issue in support of her Motion. However, in defense of Petitioner's civil action seeking damages for this claim, prison officials characterize the alteration as a clerical error and assert that during plea negotiations the parties agreed that Plaintiff would spend 105 days in segregation, evidenced by handwriting on the plea document stating that Plaintiff was to be sentenced to "120 days do 105." See Larson v. Crist et al., No. 05-CV-2720 (PAM/AJB), slip op. at 2 & n.2 (D. Minn. Sept. 14, 2007) (Magnuson, J.).

The plea agreement document's apparent alteration causes the Court some concern. However, Petitioner has failed to cite any authority indicating a violation of clearly established federal law. Accordingly, the habeas corpus petition cannot be granted on this claim. See, e.g., Piercy v. Black, 801 F.2d 1075, 1078-79 (8th Cir. 1986) (observing that there is "no constitutional violation when a parole board imposes on a parole violator the remainder of an initial sentence and makes it consecutive to other sentences").

**D.    ISR and Sex-Offender Requirements**

Petitioner alleges that Respondent is violating the Ex Post Facto clause of the United States Constitution by subjecting him to ISR without transferring him to his home state of South Dakota and by requiring him to register as a sex offender and to receive treatment under statutes not in effect when Petitioner committed his offenses. See U.S. Const. art. I, § 10. To support his ISR claim, Petitioner cited no federal authority other than the Constitution. ISR cannot be characterized as a punitive measure to which the Ex Post Facto Clause applies. See Collins v. Youngblood, 497 U.S. 37, 52 (1990).

In support of his treatment argument, Petitioner cited Parton v. Armontrout, 895 F.2d 1214 (8th Cir. 1990), where the Eighth Circuit Court of Appeals summarily affirmed a magistrate judge's determination that Missouri's sex-offender treatment requirement violated the Ex Post Facto Clause. However, subsequent United States Supreme Court authority indicates that requiring sex offenders to complete treatment does not violate the Ex Post Facto Clause. Kansas v. Hendricks, 521 U.S. 346, 370-71 (1997). The Supreme Court similarly determined that a compulsory sex offender registry does not violate the Ex Post Facto Clause. Smith v. Doe, 538 U.S. 84, 95-96 (2003). Accordingly, Petitioner has established no ex post facto violation, and no violation of clearly established federal law related to his required sex offender treatment and registration.

**E.    Probable Cause for Re-Arrest**

6

Petitioner contends that his comment to a release agent that "If I don't get out of (the halfway house), I'll do something people will regret" did not provide sufficient probable cause for his re-arrest while on ISR. (Resp't's App. at 355-56.) In presenting this claim to the state court, Petitioner cited Morrissey v. Brewer, 408 U.S. 471 (1972). However, in Morrissey the United States Supreme Court stated that it is proper for a state to restrict parolees "to many restrictions not applicable to other citizens." Id. at 482. Petitioner, who was convicted twice of sexually abusing two children, fails to explain how clearly established federal law was violated when officials found probable cause in his statement that he might "do something people will regret."

**F.     Evidentiary Hearing and Right-to-Counsel Issues**

In arguing to the Minnesota Court of Appeals that he was deprived of a right to counsel, Petitioner cited the decision in Mathews v. Edlridge, 424 U.S. 319 (1976). (See Resp't's App. at 52.) He also has cited Ross v. Moffitt, 417 U.S. 600 (1974). However, the Mathews case did not involve a right to counsel. In Ross, the United States Supreme Court declined to adopt a rule requiring indigents to be afforded counsel for discretionary appeals. 417 U.S. at 610. Petitioner has failed to establish any violation of clearly established federal law because "there is neither a constitutional nor statutory right to counsel in habeas proceedings." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

In affirming Petitioner's denial of an evidentiary hearing, the Minnesota Court of Appeals held that there were no allegations that "raised genuine fact issues that would necessitate an evidentiary hearing." Larson, 2006 WL 1320474, at *3. Petitioner has failed

to establish that the state court decisions were "based on an unreasonable determination of the facts." See 28 U.S.C. § 2254(d)(2).  Accordingly, the habeas corpus petition as it relates to this issue must be denied.

**G.     Remaining Issues**

Petitioner's various equal protection arguments are unsupported by relevant federal authority and accordingly are without merit.  In addition, the Court agrees with the Magistrate Judge's recommendation that because Petitioner's habeas corpus petition must be dismissed with prejudice, his motion for partial summary judgment is moot.

**CONCLUSION**

Petitioner has failed to demonstrate that Minnesota state courts violated clearly established federal law in claims that were fairly presented or that the courts issued decisions based on unreasonable determination of the facts in light of the evidence.  See 28 U.S.C. § 2254(d).  Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. The R&R (Docket No. 52) recommending dismissal with prejudice is **ADOPTED**;

3. Petitioner's Objections to the R&R (Docket No. 54) are **OVERRULED**;

4. Petitioner's Motion for Partial Summary Judgment (Docket No. 31) is **DENIED as moot**; and

5. This action is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 14, 2007

s/ Paul A. Magnuson<br>Paul A. Magnuson<br>United States District Court Judge