UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis Larson,                                                         Civil No. 06-3664 (PAM/AJB)

           Petitioner,

v.                                                                                    **ORDER**

Joan Fabian,
Commissioner of Corrections,

           Respondent.

---

This matter is before the Court on Petitioner Hollis Larson's Application to Proceed In Forma Pauperis on Appeal and his Application for a Certificate of Appealability in the above-captioned case. Petitioner has supplied the Court with the forms necessary to determine whether he is eligible to proceed in forma pauperis. It appears to the Court as though Petitioner does not have sufficient assets to pay the appellate filing fee. Thus, his Application to proceed in forma pauperis will be granted.

Petitioner is also required to secure a Certificate of Appealability ("COA") prior to appealing the dismissal of his habeas corpus actions. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). "Good faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate." Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that

different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam); see also Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)).

Petitioner cogently raises several different issues in his Application for COA. These issues include whether a prisoner's right to good-time credit can be taken away once earned consistent with state and federal law, whether prisoners in Minnesota have a constitutionally protected liberty interest in being released from prison on a specific date, and whether the admitted after-the-fact alteration of the disciplinary plea agreement violated Petitioner's constitutional rights. Although the Court has doubts about whether Petitioner will ultimately succeed on the merits of his claims, the Court cannot say that Petitioner has failed to make the "substantial showing" required by the statute. He may raise these issues on appeal.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis on Appeal (Docket No. 58) is **GRANTED**; and

2. Petitioner's Application for Certificate of Appealability (Docket No. 59) is **GRANTED**.

Dated: October 12, 2007

                                            s/ Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge